Henry A. Gabathuler
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
gabathuler@leasonellis.com
*Attorney for Third-Party Defendant Cequent*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ETRAILER CORPORATION,<br><br>                      Plaintiff,<br><br>v.<br><br>UNBEATABLESALE.COM, INC.,<br><br>                      Defendants,<br><br>and<br><br>UNBEATABLESALE.COM, INC.,<br><br>    Defendant/Third Party Plaintiff,<br><br>v.<br><br>KEYSTONE AUTOMOTIVE OPERATIONS, INC.; INTEGRATED SUPPLY NETWORK, INC.; NORTHERN WHOLESALE SUPPLY, INC.; AUTOMATIC DISTRIBUTORS; CEQUENT, PILOT, MEYER DISTRIBUTING, JOHN DOES 1-5; and ABC COMPANIES 1-5,<br><br>           Third Party Defendants. | Civil Action No.<br>3:21-cv-10172-BRM-LHG<br><br>Hon. Brian R. Martinotti<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF THIRD-PARTY DEFENDANT CEQUENT PERFORMANCE PRODUCTS INC.'S MOTION TO DISMISS THE THIRD PARTY COMPLAINT** |

      Cequent Performance Products Inc., now known as Horizon Global Americas Inc. ("Horizon"), hereby submits the instant Memorandum of Law in support of its motion to dismiss Unbeatablesale.com's Third-Party Complaint ("Complaint") (ECF #47.) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] Cequent Performance Products Inc. merged with Horizon on July 1, 2015, and Cequent has not been used as the corporate name since.

# **TABLE OF CONTENTS**

**I. STATEMENT OF FACTS** ...................................................................................1

**II. LAW AND ARGUMENT** ..................................................................................1

   A. Legal Standard. .......................................................................................1

   B. Unbeatable has no right of contribution, indemnification, or costs against Horizon arising out of a copyright claim............................................................2

   C. Dismissal with prejudice is appropriate. ........................................................5

   D. Unbeatable fails to state a claim for copyright infringement. ...........................5

**III. CONCLUSION**................................................................................................6

# **TABLE OF AUTHORITIES**

**Cases**

*Arista Records, Inc. v. Flea World, Inc.*,
  356 F. Supp. 2d 411 (D.N.J. 2005) ............................................................................................ 7
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 5, 6
*Bd. of Trustees, of UAW Group Health & Welfare Plan v. Acosta*,
  CV146247JXNCLW, 2022 WL 1963686 (D.N.J. June 6, 2022) ............................................. 5
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................... 5
*Crispin v. Christian Audigier, Inc.*,
  839 F. Supp. 2d 1086 (C.D. Cal. 2011) ..................................................................................... 8
*Elektra Entm't Group, Inc. v. Santangelo,*
  2008 WL 461536 (S.D.N.Y.2008) ............................................................................................ 7
*Equity Builders & Contractors, Inc. v. Russell,*
  406 F.Supp.2d 882 (N.D. Ill. 2005) .......................................................................................... 7
*Franklin Electronic Publishers, Inc. v. Unisonic Products Corp.,*
  763 F.Supp. 1 (S.D.N.Y.1991) ................................................................................................ 10
*Gaines v. Fusari*,
  CIV. 2:11-04433 WJM, 2013 WL 1934664 (D.N.J. May 8, 2013) .................................. 7, 8, 9
*In re NAHC, Inc. Sec. Litig.*,
  306 F.3d 1314 (3d Cir. 2002) .................................................................................................. 10
*Lehman Bros., Inc. v. Wu,*
  294 F.Supp.2d 504 (S.D.N.Y. 2003) ......................................................................................... 7
*Phillips v. Cnty. of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ...................................................................................................... 5
*Pure Country Weavers, Inc. v. Bristar, Inc.*,
  410 F. Supp. 2d 439 (W.D.N.C. 2006) ..................................................................................... 7
*Santiago v. Warminster Twp.*,
  629 F.3d 121 (3d Cir. 2010) ...................................................................................................... 6
*See Gee v. CBS, Inc.,*
  471 F.Supp. 600 (E.D.Pa.1979), *aff'd,* 612 F.2d 572 (3rd Cir.1979) ..................................... 10

**Statutes**

17 U.S.C. 101 ............................................................................................................................ 6, 7, 8

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 5
Fed. R. Civ. P. 8(a) ........................................................................................................................ 6

## I.     STATEMENT OF FACTS

In its Complaint, Unbeatablesale.com ("Unbeatable") seeks to attach Cequent as a third-party defendant to a copyright infringement action filed by Etrailer Corporation ("Etrailer"). (ECF #47.) Count One seeks contribution from Horizon resulting from any judgment entered against Unbeatable. (*Id*. at 2.) Count Two seeks indemnification from any liability Unbeatable has as to Etrailer's claims. (*Id*. at 2.) Count Three appears to request all costs associated with Etrailer's lawsuit. (*Id*. at 2-3.)

## II.    LAW AND ARGUMENT

**A.     Legal Standard.**

A complaint should be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff, placing a considerable burden on a defendant seeking dismissal. *Bd. of Trustees, of UAW Group Health & Welfare Plan v. Acosta*, CV146247JXNCLW, 2022 WL 1963686, at *3 (D.N.J. June 6, 2022) (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). *Twombly* and *Iqbal* provide a framework for analyzing the sufficiency of a complaint. Under *Twombly*, the facts alleged by Unbeatable must be "more than labels and conclusions . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, to survive a

motion to dismiss, Unbeatable's Complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court determined that *Twombly* applies to all civil actions in federal court regardless of subject matter. *Iqbal* at 664.

In *Santiago v. Warminster Township*, the Court of Appeals for the Third Circuit held that courts must use a three-part inquiry in determining whether a complaint is sufficient under Fed. R. Civ. P. 8(a): (1) identify the elements that must be pled to state a claim; (2) determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Acosta*, 2022 WL 1963686, at *3. (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

Horizon moves to dismiss with prejudice Unbeatable's Complaint because Unbeatable incorrectly claims a right to contribution and indemnification under the Copyright Act, 17 U.S.C. 101, *et seq*. Pursuant to the aforementioned pleading requirements, the Copyright Act does not support Unbeatable's statutory contribution and indemnification claims against Horizon. Dismissal is appropriate.

**B.     Unbeatable has no right of contribution, indemnification, or costs against Horizon arising out of a copyright claim.**

The Court has already determined that "neither federal statutory law nor federal common law provide causes of action for indemnification or contribution in

2

Copyright Act cases." *Gaines v. Fusari*, CIV. 2:11-04433 WJM, 2013 WL 1934664 at *3 (D.N.J. May 8, 2013) (dismissing contribution and indemnification claims); s*ee also Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 416 (D.N.J. 2005) ("[C]ourts have held that copyright infringing defendants can not assert contribution in claims against third parties who allegedly contribute to infringement; neither the Copyright act [sic] nor federal common law recognize a copyright infringer's right to contribution.").

Likewise, courts all over the country have routinely dismissed indemnification and contribution claims in Copyright Act cases against defendants in Unbeatable's position because no such rights exist under either the Copyright Act or federal common law. *See Pure Country Weavers, Inc. v. Bristar, Inc.*, 410 F. Supp. 2d 439, 448 (W.D.N.C. 2006) ("This Court, like others, has previously determined that no right of indemnification was affirmatively created (either expressly or implicitly) by Congress in the Copyright Act, and ... this is not one of the 'limited situations' in which the Court should formulate federal common law to create such a right."); *Elektra Entm't Group, Inc. v. Santangelo,* 2008 WL 461536, *2 (S.D.N.Y.2008) ("[c]ourts have held that no... right [to indemnification or contribution] exist[s] under either the Copyright Act or federal common law"); *Equity Builders & Contractors, Inc. v. Russell,* 406 F.Supp.2d 882, 885–87 (N.D. Ill. 2005) (neither the Copyright Act *1100 nor federal common law create a right of contribution); *Lehman Bros., Inc. v. Wu,* 294 F.Supp.2d 504, 505 (S.D.N.Y. 2003)

3

(no right to contribution in copyright case); *Crispin v. Christian Audigier, Inc.*, 839 F. Supp. 2d 1086, 1099–100 (C.D. Cal. 2011) (same).

Unbeatable's complaint does not point to any section of the Copyright Act or in federal common law that creates a cause of action for either contribution or indemnification in this case. This is no surprise based on the controlling precedent concluding that no such causes of action exist.

This Court in *Gaines v. Fusari* analyzed strikingly similar facts to the instant case. The Court held that, "[a] defendant held liable under a federal statute has a right to contribution or indemnification from another who has also violated the statute only if such right arises (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) via the power of the courts to formulate federal common law." (*Id.* at *1.) (citations omitted). In *Gaines*, the plaintiff filed suit for copyright infringement. The defendant responded with a two-count third party complaint against Stefani Germanotta, also known as Lady Gaga, asserting claims for contribution and indemnification. The Court held that the defendant's indemnification and contribution claims against Lady Gaga, the third-party defendant, "must be grounded in federal law," and that "neither federal statutory law nor federal common law provide causes of action for indemnification or contribution in Copyright Act cases." *Id.* at *3. The *Gaines* court, therefore, dismissed both of the defendant's claims against Lady Gaga, with prejudice. *Id.*

The same analysis and conclusion in *Gaines* applies here. Unbeatable claims a right to contribution and indemnification arising out of Etrailer's copyright infringement claims. Because neither federal statutory law nor federal common law provide any basis for Unbeatable's causes of action for contribution or indemnification in copyright cases, they should be dismissed.

**C.     Dismissal with prejudice is appropriate.**

The Court should dismiss all of Unbeatable's claims with prejudice. In *Gaines*, the defendant moved to amend his third-party complaint, and although the amended complaint contained new facts, it continued to assert claims for contribution and indemnification. *Gaines,* 2013 WL 1934664, at *1. The Court denied the defendant's motion because the amended complaint would be similarly dismissed for lack of grounds in federal law for the relief pleaded because it would be against a third-party defendant under the Copyright Act. *Id.*

**D.     Unbeatable fails to state a claim for copyright infringement.**

Unbeatable's complaint against Horizon also should be dismissed with prejudice because it doesn't assert any facts or allegations that Horizon is liable for any infringement alleged by the Etrailer. As the Third Circuit has long held, a claim of copyright infringement must state: (1) which specific original works are the subject of the claim; (2) that plaintiff owns the copyrights in issue; (3) that the works in issue have been registered; and (4) by what acts and during what time frame defendants have infringed the copyright. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314,

5

1332 (3d Cir. 2002) (citing *See Gee v. CBS, Inc.,* 471 F.Supp. 600, 643 (E.D.Pa.1979), *aff'd,* 612 F.2d 572 (3rd Cir.1979); *Franklin Electronic Publishers, Inc. v. Unisonic Products Corp.,* 763 F.Supp. 1 (S.D.N.Y.1991). Here, Unbeatable's Complaint is devoid of any facts required by element four that might link any of the Etrailer's allegations to Horizon and not Unbeatable. This is not surprising as Horizon's products are those sold on Etrailer's website and it is impossible (and implausible) for Unbeatable to allege that Unbeatable's infringing acts against Etrailer's copyrights are somehow Horizon's fault. Again, dismissal with prejudice is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Horizon's request to dismiss Unbeatable's Complaint due to failure to state a claim upon which relief may be granted.

Dated: August 12, 2022					Respectfully submitted,

s/ Henry Gabathuler
Henry A. Gabathuler (HG 6543)
NJ Bar I.D. No. 037802007
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 821-3079
gabathuler@leasonellis.com

*Attorney for Third-Party Defendant Cequent*