## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ETRAILER CORPORATION,

    Plaintiff,

       v.

UNBEATABLESALE.COM, INC.,

    Defendant/Third Party Plaintiff,

       v.

KEYSTONE AUTOMOTIVE OPERATIONS, INC.; INTEGRATED SUPPLY NETWORK, INC.; NORTHERN WHOLESALE SUPPLY, INC.; AUTOMATIC DISTRIBUTORS; CEQUENT; PILOT; MEYER DISTRIBUTING; JOHN DOES 1-5; and ABC COMPANIES 1-5,

    Third Party Defendants.

ETRAILER CORPORATION,

    Plaintiff,

       v.

UNBEATABLESALE.COM, INC., and ELI FISHER,

    Defendants.

Civil Action No. 21-10172 (RK) (RLS)

**MEMORANDUM OPINION**

**KIRSCH, District Judge**

 **THIS MATTER** comes before the Court upon six Motions to Dismiss Unbeatablesale.com, Inc.'s ("Unbeatablesale) Amended Third-Party Complaint, (ECF No. 107), filed by Third-Party Defendants Meyer Distributing, (ECF No. 120), Automatic Distributors, (ECF No. 121), Integrated Supply Network, Inc., (ECF No. 122), Cequent Performance Products, Inc., (ECF No. 123), Keystone Automotive Operations, Inc., (ECF No. 124), and Northern Wholesale Supply, Inc., (ECF No. 125). Unbeatablesale filed a consolidated brief opposing the Third-Party Defendants' Motions to Dismiss, (ECF No. 129), and Third-Party Defendants filed individual reply briefs, (ECF Nos. 130, 131, 132, 133, 134, 135). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Third-Party Defendants' Motions to Dismiss are **GRANTED** and the Amended Third-Party Complaint is **DISMISSED** without prejudice.

## I. BACKGROUND

 The Court recites only the factual and procedural history related to the Amended Third-Party Complaint necessary to resolve the Third-Party Defendants' Motions to Dismiss. At the outset, the Court notes that Unbeatablesale was previously granted leave to file an amended pleading, and therefore the operative Amended Third-Party Complaint is Unbeatbalesale's second attempt to state a claim against the seven Third-Party Defendants.

A.    FACTUAL HISTORY [1]

Plaintiff etrailer Corporation ("Plaintiff") is an online vendor of motor vehicle accessories, like trailer hitches, bicycle racks, and cargo carriers. (ECF No. 1 ¶ 10.) Plaintiff has invested significant resources to produce numerous high-quality photographs and videos of its products (the "Works"), which it uses to advertise its products on its website. (*Id.* ¶¶ 14, 18–48.) Plaintiff's name and logo are "prominently featured" in the Works, of which Plaintiff is the sole legal owner. (*Id.* ¶¶ 14, 17, 49–51.) Plaintiff has registered hundreds of its Works with the United States Copyright Office and has pending applications for hundreds more. (*Id.* ¶¶ 16.)

Defendant Unbeatablesale is Plaintiff's "direct competitor." (*Id.* ¶ 11.) Unbeatablesale sells automotive accessories and parts online, including motor vehicle accessories identical to those Plaintiff sells. (*Id.* ¶¶ 2, 7.) Unbeatablesale advertises its goods both on its own websites as well as those of third-party platforms, like Walmart and Amazon. (*Id.*) The Complaint alleges that Unbeatablesale willfully infringed on Plaintiff's copyrights to hundreds of its Works by removing Plaintiff's name and logo from the Works and displaying the modified images on Unbeatablesale's website and the third-party websites in order to advertise its own products. (*Id.* ¶¶ 51–61.) The Complaint alleges two counts against Unbeatablesale: direct copyright infringement in violation of 17 U.S.C. § 501, *et seq.*, and removal of copyright management information in violation of 17 U.S.C. § 1202(b). (*Id.* ¶¶ 64–81.)

---

[1] The Court draws the relevant facts from Plaintiff's original Complaint filed on April 23, 2021. (ECF No. 1), as well as the operative Amended Third-Party Complaint, (ECF No. 107).

At the time Unbeatablesale filed the operative Amended Third-Party Complaint on September 20, 2022, (ECF No. 107), the operative complaint was the Second Amended Complaint filed on December 2, 2021, (ECF No. 31). However, the Amended Third-Party Complaint solely references the original April 23, 2021 Complaint. The Court therefore relies on the original Complaint's allegations as well in deciding a motion to dismiss the Amended Third-Party Complaint.

On September 20, 2022, Unbeatablesale filed a four-page Amended Third-Party Complaint ("ATPC") against seven Third-Party Defendants: (1) Meyer Distributing, (2) Automatic Distributors, (3) Integrated Supply Network, Inc., (4) Cequent Performance Products, Inc., (5) Keystone Automotive Operations, Inc. ("Keystone"), (6) Northern Wholesale Supply, Inc., and (7) Pilot. (ECF No. 107.)[2] Unbeatablesale alleges it contracted with Third-Party Defendants "to supply products and related product information for resale." (*Id.* ¶ 2.) The ATPC appends a two-page document entitled the "UnbeatableSale Supplier Terms and Conditions" ("Unbeatablesale T&Cs"). (ECF No. 107 at *30–31.)[3] One representation in the Unbeatablesale T&Cs states that "the product you sell and the product description you provide, does not infringe in any way upon any intellectual property rights, copyrights or trademark rights of others." (*Id.* at *30.) The Unbeatablesale T&Cs's "Indemnification" section states in relevant part:

> You release us and agree to indemnify, defend and hold harmless us . . . against any claim, loss, damage, settlement, cost, expense or other liability . . . arising from or related to: (a) your actual or alleged breach of any obligations and/or representations in this Agreement; (b) your products (including their offer, sale, performance and fulfillment), any actual or alleged infringement of any intellectual property rights . . .

(*Id.* at *31.) The ATPC concludes that Third-Party Defendants "fail[ed] to abide by the contractual obligations of affording a defense and providing coverage to Unbeatablesale" and seeks damages and attorney's fees. (ECF No. 107 ¶ 6.)

---

[2] Only six of the seven named Third-Party Defendants seek dismissal of the ATPC. Pilot is the only Third-Party Defendant that does not seek dismissal, likely because Defendant has not filed proof of service on Pilot and Pilot has not entered an appearance in the matter. Although the Court's holding below only applies to the six movants, its reasoning applies equally to Pilot, the sole non-moving Third-Party Defendant. Therefore, the Court refers to all seven Third-Party Defendants collectively as "Third-Party Defendants."

[3] Pin-cites preceded by an asterisk refer to the page numbers in the CM/ECF header.

### B.   PROCEDURAL HISTORY

On October 13 to 14, 2022, six of the seven named Third-Party Defendants filed Motions to Dismiss. (ECF Nos. 120, 121, 122, 123, 124, 125.) Defendant filed a consolidated brief in opposition, (ECF No. 129), and Third-Party Defendants filed individual reply briefs, (ECF Nos. 130, 131, 132, 133, 134, 135). The Motions were fully briefed on October 31, 2022.[4]

Third-Party Defendants seek dismissal on several grounds. All Third-Party Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6) based on the ATPC's failure to state a claim for breach of contract. (ECF Nos. 120–125.) Two Third-Party Defendants argue that the ATPC impermissibly relies on group pleading against all seven Third-Party Defendants. (ECF Nos. 120, 122.) Automatic Distributors further argues that to the extent the ATPC can be construed to raise a common law indemnification claim, such claim is not cognizable for infringement claims arising under federal copyright law and that, in any event, Unbeatablesale has failed to plead a common law indemnification claim. (ECF No. 121.) Finally, Keystone argues that the claims against it should be dismissed under Rule 12(b)(2) based on lack of personal jurisdiction and under Rule 12(b)(3) based on improper venue in this District. (ECF No. 124.)

## II.   **LEGAL STANDARD**

### A.   FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Pursuant to Rule 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under this rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[4] On April 19, 2023, the Court administratively terminated the Third-Party Defendants' Motions to Dismiss when the matter was referred to mediation before the Honorable Joseph A. Dickson (ret.). (ECF Nos. 155, 157, 158.) The matter was transferred to the Undersigned on May 15, 2023. (ECF No. 160.) The parties reported that the mediation was unsuccessful on June 7, 2023. (ECF No. 162.)

544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). A pleading that "offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). In short, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In deciding a Rule 12(b)(6) motion, a court may only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## B.    FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2)

Rule 12(b)(2) permits a party to move to dismiss a case for lack of personal jurisdiction. Once a defendant raises a jurisdictional defense, the "plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). Such competent evidence may include sworn affidavits, *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984), but may not include a mere "unverified complaint," *Markferding v. Westmoreland Cnty. (Pa.) Domestic Rels. Off.*, No. 05-755, 2005 WL 1683744, at *3 (D.N.J. June 17, 2005), or bare assertions made "upon information and belief," *Victory Int'l (USA) Inc. v. Perry Ellis Int'l, Inc.*, No. 07-375, 2008 WL 65177, at *6 (D.N.J. Jan. 2, 2008) (citing *Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). The Court must construe all disputed jurisdictional

facts in the plaintiff's favor. *See Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 142 n.1 (3d Cir. 1992).

**III.   DISCUSSION**

The Court will dismiss the ATPC against the six moving Third-Party Defendants for failure to state a claim for breach of contract. Unbeatablesale's claims against Keystone will be dismissed for the additional reason that the Court lacks personal jurisdiction over it.[5]

### A.   FAILURE TO STATE A CLAIM FOR BREACH OF CONTRACT

All Third-Party Defendants seek dismissal based on the ATPC's failure to state a claim for breach of contract. New Jersey law sets out the required showing for a breach of contract claim.[6] The plaintiff must prove: "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 226 (3d Cir. 2020) (quoting *Sheet Metal Workers Int'l Ass'n Loc. Union No. 27 v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013)). The Court's analysis turns on the first and second elements, neither of which are adequately pled in the ATPC.

---

[5] Automatic Distributors argues that if the Court reads the ATPC as raising a common law indemnification claim, such claims should be dismissed. (ECF No. 121.) The Court does not read the ATPC as raising a common law indemnification claim, as its indemnification allegations hinge solely on the language of the Unbeatablesale T&Cs. Therefore, the Court does not need to reach Automatic Distributors' common law arguments. In any event, by failing to respond to it in its opposition brief, (*see generally* ECF No. 129), Unbeatablesale has waived opposition to this argument, *see Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008) (affirming district court's grant of a motion to dismiss on grounds raised in defendants' motion but not addressed in plaintiff's opposition despite "ample opportunity" to contest it (citations omitted)).

[6] All parties agree that New Jersey law applies to the breach of contract claim. Therefore, the Court will presume it controls here. *See Manley Toys, Ltd. v. Toys R Us, Inc.*, No. 12-3072, 2013 WL 244737, at *2 (D.N.J. Jan. 22, 2013) (assuming New Jersey law governs the parties' claims because the parties only argued New Jersey law (citing *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999))).

1.    <u>Existence of a Contract</u>

In order to show the existence of a valid contract to survive a Rule 12(b)(6) motion, the pleading party "must show mutual assent, consideration, legality of the object of the contract, capacity of the parties and formulation of memorialization." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 421 F. Supp. 2d 831, 833 (D.N.J. 2006), *aff'd*, 482 F.3d 247 (3d Cir. 2007) (citation omitted). The plaintiff must sufficiently plead facts to support each element. *Hall v. Revolt Media & TV, LLC*, No. 17-2217, 2018 WL 3201795, at *2 (D.N.J. June 29, 2018) (dismissing breach of contract claim under Rule 12(b)(6) because the complaint "d[id] not plausibly allege that any contract was accepted by Defendants"). A plaintiff cannot make out a breach of contract claim merely by making conclusory allegations that each element is present. *See Khorchid v. 7-Eleven, Inc.*, No. 18-8525, 2018 WL 5149643, at *8 (D.N.J. Oct. 22, 2018); *see also MK Strategies, LLC v. Ann Taylor Stores Corp.*, 567 F. Supp. 2d 729, 735 (D.N.J. 2008) ("To prove the existence of an express contract, [plaintiff] must set forth the elements of offer, acceptance and consideration.").

Defendant has failed to plead facts that could support a finding that a contract existed between it and any Third-Party Defendant. The sole allegation of the ATPC related to the purported contract's formation is a single-sentence assertion that Unbeatablesale "contracted" with Third-Party Defendants "to supply products and related product information for resale." (ECF No. 107 ¶ 2.) The ATPC contains no suggestion of when Unbeatablesale entered a contract with any Third-Party Defendant, the duration of the agreement, what each party agreed to perform under the contract, or any other pertinent terms of the contract. Unbeatablesale does not allege what communications between the parties created a contract, who made those communications, and when. Without any of these basic facts about the purported contract, the ATPC fails to plead the

existence of a contract as required by *Iqbal* and *Twombly*. *See Riachi v. Prometheus Grp.*, 16-2749, 2016 WL 6246766, at *3 (D.N.J. Oct. 25, 2016) (dismissing breach of contract claim under Rule 12(b)(6) because complaint "d[id] not provide any specific details as to when the parties entered a contract, what the terms of the contract were, or how Defendants' actions might have violated those terms"); *Cacici v. Am. Gen. Life Ins. Co.*, No. 19-9203, 2020 WL 5077470, at *2 (D.N.J. Aug. 25, 2020) (dismissing breach of contract claim under Rule 12(b)(6) because plaintiff "fail[s] to identify any contractual relationship between [the parties]"). In opposition, Unbeatablesale argues that the mere allegation of the contract's existence is sufficient for the ATPC to survive dismissal, (ECF No. 129 at 4), but a complaint's reference to an agreement and allegation of its breach is insufficient to survive dismissal because those claims are "legal conclusion[s]" properly disregarded on a Rule 12(b)(6) motion. *Riachi*, 2016 WL 6246766 at *3.

The copy of Unbeatablesale's boilerplate terms and conditions appended to the ATPC, (ECF No. 107 at *30–31), does not change this conclusion. The ATPC refers to the Unbeatablesale T&Cs as "the contract," but the two-page terms and conditions alone do not evidence "mutual assent, consideration, legality of the object of the contract, capacity of the parties and formulation of memorialization." *Fletcher-Harlee Corp.*, 421 F. Supp. 2d at 833. Even assuming *arguendo* a contract existed between Unbeatablesale and each Third-Party Defendant, the Unbeatablesale T&Cs offer no indication as to how they were made part of the alleged contract—such as when and how the terms were sent to Third-Party Defendants or the Third-Party Defendants agreed to them as part of the parties' contract. In short, Unbeatablesale has not alleged facts that could support and inference as to why Third-Party Defendants were bound by the Unbeatablesale T&Cs.

Alleging how the Unbeatablesale T&Cs were provided to Third-Party Defendants is critical for the ATPC to survive dismissal. If Unbeatablesale's claim of a contract's existence is based

solely on the T&Cs being available somewhere on its website or in an email link, which Third-Party Defendants may have had access to, this is likely insufficient to make these terms part of the parties' agreement. *See Syndicate 1245 at Lloyd's v. Walnut Advisory Corp.*, No. 09-1697, 2011 WL 5825979, at *5 (D.N.J. Nov. 16, 2011) (boilerplate terms and conditions included in hyperlinks to emails among parties negotiating a contract were not part of the contract's terms); *see also James v. Glob. TelLink Corp.*, 852 F.3d 262, 267 (3d Cir. 2017) ("There is an evolving body of caselaw regarding whether the terms and conditions in browsewrap agreements are enforceable, often turning on whether the terms or a hyperlink to the terms are reasonably conspicuous on the webpage."). Because Unbeatablesale has not alleged how its terms and conditions were provided to Third-Party Defendants, the Court cannot evaluate, and need not reach the question of, whether they were a part of any enforceable contract.

　　　　2.　　Breach of the Contract

The ATPC also fails to allege the second element of a breach of contract claim: "failure. . . to perform [the] obligations under the contract." *Mid-Am. Salt, LLC*, 964 F.3d at 226 (citation omitted). Unbeatablesale argues that it has adequately alleged breach because "the supplier agreed to represent that the product being sold, and the product description provided, 'does not infringe in any way upon any intellectual property rights, copyrights or trademark rights of others.'" (ECF No. 129 at 4 (quoting Unbeatblesale T&Cs).) Therefore, Unbeatblesale concludes, the Third-Party Defendants were obligated to indemnify it under the Unbeatablesale T&Cs.

However, the Court finds the ATPC's conclusory allegations inadequate. The ATPC makes no mention of any product that Third-Party Defendants allegedly sold through Unbeatablesale's website or any infringing image that Third-Party Defendants allegedly provided Unbeatablesale. The Second Amended Complaint, which was the operative pleading at the time the ATPC was

filed, listed hundreds of specific items which Plaintiff contends Unbeatablesale used infringing images to advertise. (*See* ECF No. 31 at*31–98.) Unbeatablesale does not identify which of these infringing images any Third-Party Defendant provided to Unbeatablesale, which in turn led to Unbeatablesale to infringe on Plaintiff's images. Without such allegations, there is no basis to conclude that Third-Party Defendants breached their contract with Unbeatablesale or that their conduct triggered an obligation to indemnify Unbeatablesale. *See Riachi*, 2016 WL 6246766, at *3 (allegation that defendants "through their representations and omissions, breached the Agreement between the parties" was insufficient to establish breach element to survive Rule 12(b)(6) motion).

### 3.   Impermissible Group Pleading

After Unbeatablesale filed its original Third-Party Complaint, (ECF No. 47), five Third-Party Defendants either filed motions to dismiss or sought leave to do so, (ECF Nos. 74, 84, 88–92). Several of the filings raised the fact that Unbeatablesale's Third-Party Complaint failed to plead specific actions by any Third-Party Defendant. (*See generally id.*) The Court granted Unbeatablesale leave to file an amended pleading addressing the defects Third-Party Defendants identified. (ECF No. 95.) In seeking dismissal of the ATPC, Third-Party Defendants again argue that the pleading contains no specific allegation regarding their individual liability. The Court agrees.

Federal Rule of Civil Procedure 8 requires a complaint to contain: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." R. 8(d)(1). The Rule's purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). Broadly alleging multiple defendants' wrongdoing in a

complaint without pleading their individual acts or liability runs afoul of Rule 8's requirements. *See Shaw v. Hous. Auth. of Camden*, No. 11-4291, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) ("Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants." (citation omitted)).

Much of the ATPC relies on impermissibly vague group pleading. Unbeatablesale does not allege any details about its relationship with any Third-Party Defendant, instead alleging that Third-Party Defendants, as a group, entered a contract with Unbeatablesale. (ECF No. 107 ¶ 2.) Failing to specifically allege which Third-Party Defendants engaged in what wrongful conduct and the nature of Unbeatablesale's contractual relationship with each Third-Party Defendant is by itself grounds for dismissal. *See Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (dismissing the complaint because the "Plaintiffs' Complaint fails to separate out the liability for each defendant"); *Ingris v. Borough of Caldwell*, No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."). Without specifying what each Third-Party Defendant did, the Court is unable to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Therefore, the four-page ATPC, like the original four-page Third-Party Complaint challenged on the same grounds, violates Rule 8(a)'s requirement and must be dismissed for this additional reason.

**B.   PERSONAL JURISDICTION OVER KEYSTONE**

Keystone also argues that the Court lacks personal jurisdiction over it and that venue is improper in this District. (ECF No. 124-1 at 10–14.) Keystone's Motion includes an employee declaration stating that Keystone is incorporated in and has its principal place of business in

Pennsylvania. (Decl. of Christopher Eggert, ECF No. 124-2 ¶ 5.) A court may exercise two types of personal jurisdiction over a party: general ("all-purpose") jurisdiction or specific ("case-linked") jurisdiction. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Unbeatablesale alleges that the Court may exercise both general and specific jurisdiction over Keystone. (ECF No. 129 at 7–8.) The Court finds neither met here.

A federal court may exercise general jurisdiction over a defendant that is "essentially at home" in the state in which the court sits. *Ford Motor Co.*, 592 U.S. at 358 (quoting *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011)). For a corporate defendant like Keystone, the paradigmatic basis for general jurisdiction is the corporation's place of incorporation and principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The Supreme Court has left open "the possibility that in an exceptional case . . . a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 139 n.19. However, this avenue for establishing personal jurisdiction is undoubtedly narrow. *See Malik v. Cabot Oil & Gas Corp.*, 710 F. App'x 561, 564 (3d Cir. 2017) ("[I]t is incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business." (citation omitted)).

Keystone states, and Unbeatablesale does not contest, that Keystone is incorporated in Pennsylvania, where it has its principal place of business. The paradigmatic bases for asserting general jurisdiction are therefore unavailable here. *See Daimler AG*, 571 U.S. at 137. Unbeatablesale nonetheless argues that Keystone is "essentially at home" in New Jersey, *Goodyear Dunlop*, 564 U.S at 919, because it "distributes and markets its specialty automotive products in North America, including New Jersey." (ECF No. 129 at 7.) This one-sentence

allegation does not meet the high bar to show "continuous and systematic" contacts with New Jersey. *See Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 173 (D.N.J. 2016) (holding that *Daimler*'s "exceptional case" had not been shown despite the fact that the defendant employed several people in the forum state, participated in marketing events in the state, and received revenue from its business in the state). Finding general jurisdiction merely because a defendant does business in a state would result in an overly "grasping" view of personal jurisdiction the Supreme Court has rejected. *Daimler*, 571 U.S. at 119. Furthermore, Unbeatablesale has failed to aver specific facts that could support a finding of personal jurisdiction—notwithstanding its mere unsupported allegations contained in a brief. *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603–04 (3d Cir. 1990) (quoting *Time Share Vacation Club*, 735 F.2d at 67 n. 9).

Unbeatablesale's argument on specific jurisdiction fares no better. A plaintiff may allege specific jurisdiction by "establish[ing] with reasonable particularity" three elements. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129–30 (3d Cir. 2020) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). First, the defendant must have "'purposefully directed [its] activities' at the forum.*" O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Second, the plaintiff's claims must "arise out of or relate to" the defendant's contacts with the forum. *Id.* (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). Third, the exercise of personal jurisdiction must not "offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Unbeatablesale argues that the exercise of specific jurisdiction is appropriate because Keystone "enter[ed] into the agreement [with Unbeatablesale]." (ECF No. 129 at 8.) However, as

explained above, Unbeatablesale has failed to adequately allege that it had an enforceable contract with Keystone or that the Unbeatablesale T&Cs that included a forum-selection clause were part of that contract. The claim that some agreement existed between the parties, divorced from any specifics about the nature of the agreement or its connection to New Jersey, is insufficient to establish any relationship, let alone the "strong relationship among the defendant, the forum, and the litigation" necessary to establish specific jurisdiction. *See Hepp v. Facebook*, 14 F.4th 204, 208 (3d Cir. 2021) (quoting *Ford Motor Co.*, 592 U.S. at 364). Even assuming a contract exists— which Unbeatablesale has neither alleged nor shown by "actual proofs," *Patterson by Patterson*, 893 F.2d at 603–04—the existence of the contract by itself does not establish specific jurisdiction without connecting the Unbeatablesale's claims to New Jersey.

Unbeatablesale requests the Court permit jurisdictional discovery. (ECF No. 129 at 11.) However, jurisdictional discovery is only appropriate when the Court is presented with "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts" between Keystone and New Jersey. *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (cleaned up) (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Unbeatablesale has not alleged any facts suggesting the existence of a contract between the parties, let alone that the contract gives rise to jurisdiction-creating contacts over Keystone. The Court will not order jurisdictional discovery based on "bare legal conclusions or vague generalizations" about jurisdiction. *McClung v. 3M Company*, No. 16-2301, 2019 WL 4668053, at *4 (D.N.J. Sept. 25, 2019). Therefore, Unbeatablesale's request for jurisdictional discovery is denied, and Keystone's motion to dismiss on this additional ground is **GRANTED**.[7]

---

[7] Keystone also argues that venue is improper in this District. (ECF No. 124 at 13–14.) Unbeatablesale responds that venue is appropriate here because of the Unbeatablesale T&C's forum selection clause for New Jersey. (ECF No. 129 at 8.) However, Unbeatablesale has not adequately alleged the existence of a contract with Keystone or that the Unbeatablesale T&Cs were part of that contract. Therefore, the

## IV.    <u>CONCLUSION</u>

For the reasons set forth above, Third-Party Defendants' Motion to Dismiss (ECF Nos. 120, 121, 122, 123, 124, 125) are **GRANTED** to the extent described above, and the Amended Third-Party Complaint (ECF No. 107) is **DISMISSED** without prejudice.[8] An appropriate Order accompanies this Memorandum Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

<u>Dated</u>: March 8, 2024

---

Unbeatablesale T&Cs do not establish that venue is appropriate, and Keystone's Motion to Dismiss is **GRANTED** on this ground as well.

[8] Because Pilot, the only of the seven Third-Party Defendants that has not been served or entered an appearance in the matter, did not move for dismissal of the ATPC, the ATPC's claims against Pilot survive. However, the above reasoning would likely require dismissal of the ATPC's claims against Pilot if Pilot made the appropriate motion and prevent granting a motion for default judgment on the ATPC's claims against Pilot.